DECISION OF DISMISSAL
This matter is before the court on Defendant's motion to dismiss, stating that Plaintiff failed to appeal within the 90 days required by ORS 305.280(2).
A review of Plaintiff's materials shows the Notice of Refund Denial was mailed to Plaintiff on August 6, 2010. The Notice of Refund Denial stated that Plaintiff had "90 days from the date of this letter to send a written appeal to the Magistrate Division of the Oregon Tax Court." Contrary to the information on how to appeal stated in the Notice of Refund Denial, Plaintiff wrote to Defendant's representative, Stacy, on August 16, 2010, sending "a letter of objection." (Ptf's Ltr at 1, dated Apr 2, 2011.) Plaintiff had previously written to Defendant, objecting to its "notice of Proposed Adjustment or Notice of Proposed Refund Adjustment dated May 10, 2010." (Def's Notice of Refund Denial, dated Aug 6, 2010.) Plaintiff did not receive a response to his letter dated August 16, 2010, and waited more than two months before contacting Defendant.
On November 4, 2010, Plaintiff called Defendant, speaking "with Gloria ID #3281 and she informed me that she couldn't find the letter I sent in but would make notes that she spoke with me and that I did send in another letter." (Ptf's Ltr at 1, dated Apr 2, 2011.) Plaintiff made *Page 2 
no other attempt to contact Defendant. Defendant wrote a letter dated November 23, 2010, to Plaintiff, stating:
 "The department received your August 16, 2010 response to our August 6, 2010[,] Notice of Refund Denial disagreeing with the adjustment made to your return. Any disagreement with the Notice of Denial must now be appealed to the Magistrate Division of the Oregon Tax Court, not the Oregon Department of Revenue. The appeal must be filed within 90 days from the date of the Notice of Denial (ORS 305.280(2))."
(Id. at 6.)
Plaintiff's Complaint was postmarked January 12, 2011. Defendant filed a motion to dismiss Plaintiff's Complaint, stating that it was not timely filed. In response, Plaintiff wrote:
 "I have re-read the letter received on Aug 9, 2010[,] stating that I must file an appeal with the Magistrate Division. I did in fact file an appeal in my opinion but it was with that (sic) State of Oregon Dept of Rev and not the Magistrate Division. I feel this is because of the inadequate information and communication that I have had with the Oregon Dept of Rev. throughout the year."
(Id. at 2.) Defendant wrote to the court on April 11, 2010, stating that "[a]s of today the Defendant has not received Plaintiff's response nor has there been any other contact either in person or by phone." Plaintiff did not send a copy of his written response dated April 2, 2010, to Defendant's representative. (Tax Court Rule-Magistrate Division 3, Ex ParteCommunication.)
Plaintiff's Complaint was filed after the 90 days required by ORS 305.280(2)(2009), which provides:
 "An appeal under ORS 323.416 * * * or from any notice of assessment or refund denial issued by the Department of Revenue with respect to a tax imposed under ORS chapter 118, 308, 308A, 310, 314, 316, 317, 318, 321 or this chapter, or collected pursuant to ORS 305.620, shall be filed within 90 days after the date of the notice. An appeal from a proposed adjustment under ORS 305.270 shall be filed within 90 days after the date the notice of adjustment is final."
The court is not aware of any circumstances that extend the statutory limit of 90 days. It is unfortunate that Plaintiff failed to follow the appeal information stated in Defendant's Notice of Refund Denial. Defendant's motion to dismiss is granted. Now, therefore, *Page 3 
IT IS THE DECISION OF THIS COURT that Defendant's motion to dismiss is granted. The Complaint is dismissed.
Dated this ___ day of April 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Presiding Magistrate Jill A.Tanner on April 15, 2011. The Court filed and entered this documenton April 15, 2011. *Page 1